UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: 2:19-cv-07208-JGB-MAA            Date: August 23, 2019

Title: Rollness v. Martinez

Present: The Honorable MARIA A. AUDERO, United States Magistrate Judge

| Chris Silva | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings (In Chambers):**       **Order to Show Cause Why the Petition Should Not Be Recharacterized as a Section 2255 Motion and Dismissed**

On August 13, 2019, Petitioner Rodney Lee Rollness, an inmate in federal custody, constructively filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 ("Section 2241"). ("Petition," ECF No. 1.) Petitioner, an inmate incarcerated in the United States Penitentiary in Lompoc, California, challenges a conviction he sustained in the United States District Court for the Western District of Washington in 2007. (*Id.* at 2.)

In the underlying criminal case, Petitioner was convicted by a jury and sentenced to a life term in federal custody. (*Id.*) *See also United States v. Rollness*, 320 F. App'x 797, 798 (9th Cir. 2009) (listing conviction of "participation in a Racketeer Influenced and Corrupt Organization ('RICO'), in violation of 18 U.S.C. § 1962(c), RICO conspiracy, in violation of 18 U.S.C. § 1962(d), and murder in violation of the Violent Crime in Aid of Racketeering statute, 18 U.S.C. § 1959(a) ('VICAR murder')"), *amended*, 2009 U.S. App. LEXIS 13393 (9th Cir. June 4, 2009) (amending decision and denying petition for rehearing en banc).[1] The Ninth Circuit Court of Appeals affirmed the judgment on appeal. *Rollness*, 320 F. App'x at 799; *see also United States v. Rollness*, 561 F.3d 996 (9th Cir. 2009) (expanding upon conclusion that VICAR murder carries a statutory minimum sentence of life imprisonment in separate, published opinion). The Supreme Court denied Petitioner's petition for writ of certiorari. *Rollness v. United States*, 558 U.S. 956 (2009). The

---

[1] The Court takes judicial notice of Petitioner's prior proceedings in federal court relating to the challenged conviction. *See* Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); *Harris v. County of Orange*, 682 F.3d 1126, 1131-32 (9th Cir. 2012) (court may take judicial notice of "documents on file in federal or state courts").

**CIVIL MINUTES – GENERAL**

Case No.:  2:19-cv-07208-JGB-MAA                    Date:  August 23, 2019

Title:    Rollness v. Martinez

Western District of Washington denied Petitioner's motion for a new trial. *United States v. Rollness*, No. CR06-041RSL, 2010 U.S. Dist. LEXIS 152318, at *4, 2010 WL 11570242, at *2 (W.D. Wash. July 23, 2010). The Ninth Circuit affirmed, and the Supreme Court denied certiorari. *United States v. Rollness*, 568 U.S. 932 (2012); *United States v. Rollness*, 451 F. App'x 707 (9th Cir. 2011).

In 2010, Petitioner brought a motion pursuant to 28 U.S.C. § 2255 ("Section 2255") in the United States District Court for the Western District of Washington. (*See* Petition at 4.) The Western District of Washington denied the motion. (*Id.*) *See also Rollness v. United States*, No. C10-1440-RSL-BAT, 2013 U.S. Dist. LEXIS 118952, at *77, 2013 WL 4498684, at *26 (W.D. Wash. June 28, 2013) (report and recommendation that the motion be denied), *adopted*, 2013 U.S. Dist. LEXIS 118947, 2013 WL 4498684 (W.D. Wash. Aug. 21, 2013).

Years later, Petitioner initiated the instant action for a writ of habeas corpus pursuant to Section 2241. The Petition purports to assert eighteen grounds for relief, but it appears that the page on which grounds ten through sixteen were to be presented was omitted from Petitioner's filing. (*See* Petition at 5-6 (skipping from a page concluding with Ground Nine and labeled as page "#1" to a page beginning with Ground Seventeen and labeled as page "#3," and ending page "#1" with the direction to "see other side for more grounds").) Petitioner labels his claims as follows: (1) "Actual Innocence"; (2) "Crawford Violation"; (3) "Newly Discovered Evidence"; (4) "Right To Public Trial"; (5) "Shackling of Defendant"; (6) "Right To Testify"; (7) "Right to Alibi Witness"; (8) "Alternative Suspects"; (9) "Inadmissable [sic] Evidence"; (17) "Biased Judge"; and (18) "Prosecutorial Misconduct." (*Id.* at 3-6.)

The Court *sua sponte* examines whether this United States District Court for the Central District of California has jurisdiction to entertain the Petition. For the reasons discussed below, the Court directs Petitioner to explain why the Petition should not be characterized as a motion pursuant to 28 U.S.C. § 2255 ("Section 2255") and dismissed for lack of jurisdiction.

"[I]n order to determine whether jurisdiction is proper, a court must first determine whether a habeas petition is filed pursuant to § 2241 or § 2255 before proceeding to any other issue." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Id.* at 864-65. Section 2255 generally "provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Lorentsen v.*

*Hood*, 223 F.3d 950, 953 (9th Cir. 2000).  There is one notable exception to this general rule: pursuant to Section 2255(e), often referred to as the "escape hatch" or "savings clause," a petitioner may challenge the legality of his sentence in a Section 2241 petition in the custodial court if "his remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'"  *Hernandez*, 204 F.3d at 865 (quoting 28 U.S.C. § 2255(e)); *see also Lorentsen*, 223 F.3d at 953 (referring to Section 2255(e) as an "escape hatch").  A petitioner may utilize the savings clause if (1) the petitioner presents a claim of actual innocence, and (2) the petitioner has not had an unobstructed procedural shot at presenting that claim."  *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012).

Here, the Petition challenges Petitioner's conviction by attacking the legality and validity of the conviction.  In the eleven claims presented to the Court, Petitioner alleges constitutional violations in the trial proceedings, but for which "he would have been acquitted of all the fabricated charges."  (Petition at 6; *see also* Petition at 3-6 (alleging errors in trial proceedings).)  Generally, Section 2255 is the instrument for such challenges—not Section 2241.  *See* 28 U.S.C. § 2255(a) (providing means by which a prisoner may claim "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the [sentencing] court was without jurisdiction to impose such sentence"); *Marrero*, 682 F.3d at 1192 ("A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so."); *see also* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by [Section 2255 motion] shall not be entertained . . . .").  Petitioner's claims challenge the validity of his sentence, not the manner, location, or conditions of the execution of his sentence.  *See Hernandez*, 204 F.3d at 864-65.  Accordingly, unless the savings clause applies, a petition for writ of habeas corpus pursuant to Section 2241 is not the proper vehicle for the claims Petitioner seeks to prosecute.

Petitioner does not invoke the savings clause.  Petitioner tacitly concedes that his Section 2255 motion was neither inadequate nor ineffective:  In the Petition, Petitioner responded "N/A" to the inquiry, "[I]f you filed [a Section 2255 motion] and it was denied, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention."  (Petition at 7.)

Nor does Petitioner assert allegations from which the Court may infer that the Petition could meet the savings clause.  *First*, the fact that Petitioner may be barred from filing a second or successive Section 2255 motion in the Western District of Washington does not render Section 2255 inadequate or ineffective.  *See Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003) (noting the escape hatch "is narrow," and that "§ 2255's remedy is not 'inadequate or ineffective' merely

**CIVIL MINUTES – GENERAL**

Case No.:  2:19-cv-07208-JGB-MAA                    Date:  August 23, 2019

Title:    Rollness v. Martinez

because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition").  *Second*, the Petition does not appear to meet the savings clause's two-prong test:  Though Petitioner asserts a claim of actual innocence (*see id.* at 3), he appears to have enjoyed an unobstructed procedural shot to present the claim.  To determine whether a petitioner has had an unobstructed procedural shot at presenting his claim of actual innocence, the Court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion."  *Alaimalo v. United States*, 645 F.3d 1042, 1047 (9th Cir. 2011) (quoting *Harrison v. Ollison*, 519 F.3d 952, 960 (9th Cir. 2008)).  Here, Petitioner presented a claim of actual innocence in his Section 2255 proceeding in the Western District of Washington.  (*See id.* at 4 (acknowledging Petitioner presented an actual innocence claim to the sentencing court).) *Accord Rollness*, 2013 U.S. Dist. LEXIS 118952, at *23-33, 2013 WL 4498684, at *8-11 (addressing Petitioner's actual innocence claim from Section 2255 motion).  The "Actual Innocence" claim does not present any factual information, let alone a legal basis, that could not have been presented in the Section 2255 motion in the Western District of Washington.  (*See* Petition at 13-14 (labeling documents from June 2010 as "newly discovered evidence").  *Cf. Rollness*, 2013 U.S. Dist. LEXIS 118952, at *6, 2013 WL 4498684, at *3 (indicating prior Section 2255 motion was filed on September 7, 2010).  Moreover, Petitioner has not shown any change in law since his first Section 2255 motion was denied that might affect his claims.  Therefore, Petitioner's prior proceedings indicate that he had an unobstructed procedural shot at presenting the actual innocence claim he asserts in the instant Petition.  *See Alaimalo*, 645 F.3d at 1047.

Accordingly, the Petition apparently cannot utilize the savings clause to bring a Section 2241 action challenging the legality or validity of Petitioner's conviction in this district.

For the foregoing reasons, it appears the Petition must be recharacterized as a Section 2255 motion.  Pursuant to *Castro v. United States*, 540 U.S. 375, 383 (2003), and *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000), the Court hereby advises Petitioner of the following:

- Only the sentencing court has jurisdiction over a Section 2255 motion.  *See Hernandez*, 204 F.3d at 865.  The Court that sentenced Petitioner is the United States District Court for the Western District of Washington.  Consequently, should this Court recharacterize the action as one brought pursuant to Section 2255, the Court must either dismiss the action for lack of jurisdiction or transfer the action pursuant to 28 U.S.C. § 1361.

Case No.:  2:19-cv-07208-JGB-MAA                                   Date:  August 23, 2019

Title:   Rollness v. Martinez

---

- As a general rule, a petitioner must bring all arguments he intends to assert in his initial Section 2255 motion; if he does not, he risks having later arguments barred as successive. *See Castro*, 540 U.S. at 383. The Antiterrorism and Effective Death Penalty Act strictly limits the opportunity to file successive motions under Section 2255. *See* 28 U.S.C. §§ 2244(b)(3), 2255(h) (second or successive motions may be certified and permitted only if based on "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable"). Petitioner previously has brought a Section 2255 motion in the sentencing court. (*See* Petition at 4.) Recharacterization may subject this action to the restrictions on "second or successive" motions. Moreover, any Section 2255 motion filed after this action may be subject to these restrictions. Absent authorization from the appropriate Court of Appeals, the federal district courts may lack jurisdiction to entertain the action. *See* 28 U.S.C. § 2255(h). In short, recharacterization of the Petition as a Section 2255 motion may result in dismissal of this action or any subsequent Section 2255 motion as second or successive. Moreover, in lieu of or prior to recharacterization, Petitioner may wish to withdraw or amend the Petition to contain all the Section 2255 claims he believes he has.

- Section 2255 motions are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Assuming that, pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period ran from the date on which Petitioner's judgment of conviction became final, this action appears to be untimely given that direct review concluded upon the United States Supreme Court's denial of a petition for writ of certiorari on October 13, 2009 in *Rollness v. United States*, 558 U.S. 956 (2009). *See Clay v. United States*, 537 U.S. 522, 527 (2003) ("Finality attaches when [the United States Supreme Court] affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires.").

In light of these advisements, Petitioner is **ORDERED TO SHOW CAUSE** why the Petition should not be recharacterized as a motion pursuant to Section 2255 and dismissed for lack of jurisdiction. Petitioner shall file a written response to this Order no later than **September 23, 2019**. Petitioner may elect from the following four options:

(1) <u>Notice of Dismissal</u>. If Petitioner wishes to withdraw his Petition, he may dismiss this action without prejudice voluntarily pursuant to Federal Rule of Civil Procedure 41(a)(1). Petitioner may choose this option if he intends to file a Section 2255 motion in the sentencing

---

Case No.:  2:19-cv-07208-JGB-MAA                                        Date:  August 23, 2019

Title:    Rollness v. Martinez

court, the United States District Court for the Western District of Washington.  The Clerk is directed to attach Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)) to this Order to Show Cause.

(2) <u>Amended Pleading</u>.  If Petitioner consents to recharacterization of the case as a motion pursuant to Section 2255 and seeks to add additional claims for collateral relief, he may file a motion pursuant to Section 2255, which would replace the Petition as Petitioner's operative pleading.  He also may address any other issues raised herein pertaining to this recharacterization, including whether the action should be (a) dismissed for lack of jurisdiction, or (b) transferred to the Western District of Washington.

(3) <u>Consent to Recharacterization</u>.  If Petitioner consents to the recharacterization of the case as a motion pursuant to Section 2255 and seeks to proceed on the two grounds for relief as asserted in the Petition, he may file a written notice of consent to recharacterization.  He also may address any other issues raised herein pertaining to this recharacterization, including whether the action should be (a) dismissed for lack of jurisdiction, or (b) transferred to the Western District of Washington.

(4) <u>Response to Order to Show Cause</u>.  If Petitioner contends that his case is, in fact, a petition properly filed pursuant to Section 2241—either because it challenges the manner, location, or conditions of the execution of his sentence or because it is subject to the savings clause of Section 2255(e)—he should explain this clearly in a written response to this Order to Show Cause.  Petitioner may address whether the Court has jurisdiction to entertain the Petition, whether the action is a second or successive Section 2255 motion, and whether the action is time-barred.  Petitioner should attach copies of any documents that support his position, including, but not limited to, the seven claims apparently inadvertently omitted from the Petition.  (Petitioner's written response also may include a notice that, should the Court disagree with his position and recommend recharacterization, he selects one of the other three options in the alternative.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  2:19-cv-07208-JGB-MAA                          Date:  August 23, 2019

Title:    Rollness v. Martinez

      **Petitioner is expressly cautioned that failure to respond to this Order to Show Cause will result in a recommendation that the case be summarily dismissed without prejudice for failure to prosecute and failure to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b), and for lack of jurisdiction pursuant to 28 U.S.C. § 2255.**

It is so ordered.

Attachment
Form CV-09 (Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c))